### STATE, EX REL. BOARD OF COMMISSIONERS OF DEARBORN COUNTY, *v.* SHUTTS, ADMIN-ISTRATOR, ET AL.

[No. 20,130.   Filed January 6, 1904.]

COUNTIES. — *Clerks.* — *Allowance for Copying Record.* — *Officers.* — The copying of a court record worn out by use can not be considered official business of the clerk of the court within the meaning of the fee and salary law, and where such services were performed by a clerk under a contract with the board of county commissioners, under the indispensable public necessity statute, §7853 Burns 1901, the clerk is entitled to an allowance therefor.

From Dearborn Circuit Court; *N. S. Givan*, Judge.

Action by the State on the relation of the board of commissioners of Dearborn county against Frank B. Shutts, administrator of the estate of David Lostutter, deceased, and others.   From a judgment for defendants, plaintiff appeals.   Transferred from Appellate Court, under §1337o Burns 1901. · *Affirmed.*

*W. N. Hauck*, for appellant.
*H. D. McMullen*, *H. R. McMullen*, *C. W. McMullen*, *G. M. Roberts* and *W. R. Johnston*, for appellees. ·

HADLEY, J.—This is an action by appellant against Frank B. Shutts, as administrator of the estate of David Lostutter, deceased, and three other persons, his sureties, on the official bond of the decedent as clerk of Dearborn county, for the recovery by the county of certain sums of money alleged to have been allowed to and retained by Lostutter as clerk, contrary to law.   The court sustained appellees' motion to strike out of the complaint three several items, to wit:   "For per diem attendance on circuit court of Dearborn county, aggregating $688; for preparing bar dockets (from which printed copies are made) per order of court, and paid out of county treasury,

aggregating $325; for money allowed by the board of commissioners of Dearborn county under special contract for restoring complete record No. 4, court of common pleas from 1864 to 1875, $160."

The questions arising upon the first two of these items are directly ruled against appellant in the recent case of *State, ex rel.*, v. *Flynn, ante*, 554; and since that case received full consideration we deem it unprofitable to extend this opinion by repeating here the grounds upon which it rests.

With respect to the third item, enough is shown by the complaint and motion to strike out as embraced in the bill of exceptions to make it appear that the allowance of $160 was under a special contract with the commissioners to restore complete record No. 4 of the court of common pleas from 1864 to 1875 for that sum, under the indispensable public necessity statute. §7853 Burns 1901, §5766 R. S. 1881. And this brings the item squarely within the ruling of *Board, etc.*, v. *Mitchell*, 131 Ind. 370, 15 L. R. A. 520, and within the general principle announced on the fourth paragraph of the complaint in the Flynn case. Section 7911 Burns 1901 makes it the imperative duty of the board of commissioners, when necessary to preserve any court, or other public record of the county, to direct the clerk of the county, or other custodian officer, to transcribe the same, and make the one performing the work a reasonable allowance therefor to be paid as other allowances are paid. It is just as clear now, under the present fee and salary law, as when the opinion in the Mitchell case was written (1891), that the legislature, in fixing the just and reasonable salary of the several county officers, had in mind, and based the amount of salary allowed upon, the current ordinary duties required of the officers, and such new duties as might be added during their incumbency. The salary amounts fixed by the law are declared to be graded "in proportion to

the population, and the necessary services required in each of said several counties;" that is, the necessary services expected to be required from the amount of population and the performance of the duties usual to the office. In the very nature of things the assembly could not, and we will not assume that it attempted to, pass a fair and just salary law to cover all extraordinary and unexpected happenings that shall require the expenditure of much money and labor to save the county from serious loss, and which could not have been within the reasonable contemplation of the legislature, nor of the officer when he accepted the office.

The reproduction or recopying of a public court record, made more than twenty years before, and worn out by use, can not, therefore, be considered official business of the clerk. It is not found in any schedule of duties required of the clerk, and may be performed by any qualified person as well as by that officer. Section 7911, *supra,* provides that the commissioners shall enter an order directing the officer in whose custody the impaired record may be to copy it, but the statute also directs that the commissioners shall pay him for it. It will be observed that the statute does not pretend to make it the official duty of the officer to do the work. It is manifest from the statute that the purpose of the legislature was to provide for the preservation of public records that had become, from any cause, impaired, or spoliated; and the officer in charge was deemed the most proper and convenient person to do the work, but was not expected to do it without a fair compensation. The indispensable public necessity statute (7853, *supra)* "by the clearest implication * * *" says Elliott, J., in the Mitchell case, "implies that there are instances in which the power to make allowances to public officers may be exercised. If there were no such instances, the provision of the statute would be utterly meaningless." Instances in which allowances

may be made to a public officer—not to him in his official, but in his private capacity—for some extra service rendered the county. We think Lostutter's service in reproducing the old record comes within this class, and, as further said in the Mitchell case, "his claim is  *   *   * not for official service, nor for added official duties. The claim is solely and exclusively for compensation due under a contract."

Judgment affirmed.

Monks, J., absent during the consideration of this case.